UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
                                            :
GUANGFU CHEN and PEIZHENG FAN, on behalf of   :
themselves and others similarly situated,             :
                                            :                19-CV-11895 (JMF)
                   Plaintiffs,                        :
                                            :          MEMORANDUM OPINION
            -v-                               :               AND ORDER
                                            :
MATSU FUSION RESTAURANT INC., d/b/a Matsu   :
Japanese Fusion, et al.,                              :
                                            :
                  Defendants.                     :
                                            :
----------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

        Plaintiffs Guangfu Chen and Peizheng Fan bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York State Labor Law ("NYLL"), N.Y. Lab. Law § 650 *et seq.*, against Matsu Fusion Restaurant Inc., doing business as "Matsu Japanese Fusion," J & J Asian Bistro Inc., also doing business as "Matsu Japanese Fusion," and Yi Chang Chen (together, "Defendants") to recover unpaid minimum wage and overtime pay. On June 5, 2020, Plaintiffs moved for conditional certification of a FLSA collective action and for approval of a collective action notice. *See* ECF No. 31. Briefing was put on hold pending the Court's decision on motions to dismiss and to disqualify Plaintiffs' counsel; the motion became fully submitted on November 6, 2020. *See* ECF Nos. 60-61. Upon review of the parties' submissions, Plaintiffs' motion for conditional certification is GRANTED.

        To warrant conditional certification at this stage of the litigation, Plaintiffs have a "low" of making a "modest factual showing" that they and "potential opt-in plaintiffs together were victims of a common policy or plan that violated the law." *Myers v. Hertz Corp.*, 624 F.3d 537,

555 (2d Cir. 2010) (internal quotation marks omitted); *see also, e.g.*, *Amador v. Morgan Stanley & Co. LLC*, No. 11-CV-4326 (RJS), 2013 WL 494020, at *2 (S.D.N.Y. Feb. 7, 2013) (noting that a plaintiff may rely "'on [his] own pleadings, affidavits, [and] declarations'" to support a motion for collective action certification (quoting *Hallissey v. Am. Online, Inc.*, No. 99-CV-3785 (KTD), 2008 WL 465112, at *1 (S.D.N.Y. Feb. 19, 2008))).  Plaintiffs have made that showing here.  *See* ECF Nos. 27, 59-1 and 59-2.  Defendants' arguments to the contrary largely, if not entirely, go to the merits and credibility of Plaintiffs' claims, which are beyond the scope of the present motion.  *See, e.g.*, *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 554 (S.D.N.Y. 2013) ("[A]t the conditional certification stage, courts are not to make credibility determinations."); *Lynch v. United Servs. Auto. Ass'n*, 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007) ("At this procedural stage, the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations.").  If anything, Defendants' arguments suggest, if not confirm, that there are common issues of fact and law that render this case appropriate for conditional certification.

Accordingly, Plaintiffs' motion for conditional certification of a collective action is GRANTED.  The collective of potential plaintiffs in this matter shall consist of, and notice shall be sent to, all current and former non-managerial tipped and non-tipped employees employed at Defendants' restaurant at any time from December 30, 2016, until the date of the notice.  *See, e.g.*, *Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 668 (S.D.N.Y. 2013) ("Notice would normally be provided to those employed within three years of the date of the notice.  However, because equitable tolling issues often arise for prospective plaintiffs, courts frequently permit notice to be keyed to the three-year period prior to the filing of the complaint, with the

understanding that challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date." (internal quotation marks and citation omitted)).[1]

Additionally, the Court ORDERS as follows:

1. **Within twenty-one days of this Memorandum Opinion and Order**, Defendants shall produce to Plaintiffs a Microsoft Excel spreadsheet listing all members of the collective (the "Class List"), including first and last names, all known mailing addresses, all known telephone numbers, all known email addresses, location(s) of employment, dates of employment, and positions.

2. Defendants shall not, in the first instance, produce any Social Security numbers. If a notice is returned as undeliverable, Defendants shall provide the Social Security number of that individual to Plaintiff's counsel. Any Social Security numbers so produced will be maintained by Plaintiff's counsel alone and used for the sole purpose of performing a skip-trace to identify a new mailing address for notices returned as undeliverable. All copies of Social Security numbers, including any electronic file or other document containing the numbers, will be destroyed once the skip-trace analysis is completed. **Within fourteen days following the close of the opt-in period**, Plaintiff's counsel will certify in writing to the Court that the terms of this Order have been adhered to and that the destruction of the data is complete. These procedures are sufficient to safeguard the privacy information of potential plaintiffs. *See, e.g.*, *Shajan v. Barolo, Ltd.*, No. 10-CV-1385 (CM), 2010 WL 2218095, at *1 (S.D.N.Y. June 2, 2010).

3. Plaintiffs' proposed Notice and Consent Form, *see* ECF No. 32-3, are approved, **except** that: (1) Mei Fong Chan's name shall be removed as a Defendant, *see* ECF No. 54 (dismissing Chan as a Defendant); and (2) the opt-in period shall be changed from ninety days to sixty days.

4. Plaintiffs shall send the Notice and Consent Form to all individuals on the Class List via first-class mail and email **within ten days of receipt by Plaintiffs of the contact information from Defendants**. Plaintiffs shall also send, by first-class mail and email, reminder notices to members of the collective who, forty-five days through the opt-in period, have not submitted a consent to join form. **Potential opt-ins shall be permitted to file consent to join forms until sixty days after the mailing of the first Notice.**

5. Defendants shall post copies of the Notice, in all relevant languages, in a conspicuous non-public location at their place of business, and the Notice shall

---

[1]  Plaintiffs' request for equitable tolling on behalf of all potential opt-in plaintiffs *ex ante* — on the ground that it is "reasonable to assume that opt-in plaintiffs . . . acted diligently in pursuing their rights," ECF No. 33, at 25 — is denied. Whether a particular opt-in plaintiff is entitled to equitable tolling should turn on evidence, not assumptions.

remain so posted throughout the opt-in period. *See, e.g.*, *Sanchez v. Salsa Con Fuego, Inc.*, No. 16-CV-473 (RJS) (BCM), 2016 WL 4533574, at *7 (S.D.N.Y. Aug. 24, 2016) ("[C]ourts routinely approve requests to post notice on employee bulletin boards and in other common areas, even where potential members will also be notified by mail." (internal quotation marks omitted)).

6. Plaintiffs' counsel shall promptly docket redacted copies of any consent forms received.

The Clerk of Court is directed to terminate Docket No. 31.

SO ORDERED.

Dated: November 16, 2020
New York, New York

JESSE M. FURMAN
United States District Judge