UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                      :
GUANGFU CHEN, et al.,                                            :
                              Plaintiffs,             :
                                                              :           19-CV-11895 (JMF)
                       -v-                                               :
                                                               :                  ORDER
MATSU FUSION RESTAURANT INC., et al.,         :
                                         Defendants.        :
                                                                :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       On November 13, 2020, Defendants Matsu Fusion Restaurant Inc. and Yi Chang Chen (the "Moving Defendants") filed a motion to dismiss Defendant J & J Asian Bistro Inc.'s ("J & J") crossclaim under Rule 12(b) of the Federal Rules of Civil Procedure as well as a motion to strike J & J Asian Bistro Inc.'s affirmative defenses pursuant to Rule 12(f).  Under Rule 15(a)(1)(B), a party has twenty-one (21) days after the service of a motion under Rules 12(b) and 12(f) to amend its pleading once as a matter of course.

       Accordingly, it is hereby ORDERED that J & J shall file any amended pleading by **December 4, 2020**.  J & J will not be given any further opportunity to amend its pleading to address issues raised by the motion to dismiss.

       If J & J does amend its pleading, by **three (3) weeks** after the amended pleading is filed, the Moving Defendants shall: (1) file an answer; (2) file a new motion to dismiss and/or strike; or (3) file a letter on ECF stating that it relies on the previously filed motion.  If the Moving Defendants file an answer or a new motion to dismiss and/or strike, the Court will deny the previously filed motion as moot.  If the Moving Defendants file a new motion to dismiss and/or strike, any opposition shall be filed **within fourteen days**, and any reply shall be filed **within seven days** of any opposition.

       If no amended pleading is filed, J & J shall file any opposition to the motion by **December 4, 2020**.  The Moving Defendants' reply, if any, shall be filed by **December 11, 2020**.

       Finally, it is further ORDERED that all remaining parties appear for a pretrial conference on **January 27, 2021 at 3:30 p.m.**  Counsel are directed to confer with each other prior to the pretrial conference regarding each of the subjects to be considered at a Federal Rule of Civil Procedure 16 conference.  Additionally, the parties are hereby ORDERED to file on ECF a joint letter, described below, as well as a proposed Civil Case Management Plan and Scheduling Order attached as an exhibit to the joint letter, no later than **Thursday of the week prior to the conference**.  The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at http://nysd.uscourts.gov/judge/Furman.  Any open legal issues can be addressed at the conference.

The joint letter shall not exceed five (5) pages, and shall provide the following information in separate paragraphs:

(1) A brief statement of the nature of the action and the principal defenses thereto;

(2) A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g.*, *Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).

(3) A statement of all existing deadlines, due dates, and/or cut-off dates;

(4) A brief description of any outstanding motions;

(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;

(6) A list of all prior settlement discussions, including the date, the parties involved, and the approximate duration of such discussions, if any;

(7) A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate; and

(8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

SO ORDERED.

Dated: November 16, 2020  
New York, New York

_____  
JESSE M. FURMAN  
United States District Judge