UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                         :

GUANGFU CHEN and PEIZHENG FAN, on behalf of   :
themselves and others similarly situated,

                                                 :                    19-CV-11895 (JMF)

                            Plaintiffs,        :

                                                 :            MEMORANDUM OPINION
         -v-                            :               AND ORDER

                                                 :

MATSU FUSION RESTAURANT INC., d/b/a Matsu    :
Japanese Fusion, et al.,

                                            :

                        Defendants.      :

                                                 :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On November 16, 2020, the Court issued a Memorandum Opinion and Order granting

Plaintiffs' motion for conditional certification of a collective action pursuant to the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*.  *See* ECF No. 63.  On November 17, 2020,

Defendants Matsu Fusion Restaurant Inc. and Yi Chang Chen ("Moving Defendants") filed a

motion for reconsideration.  *See* ECF No. 65.  In particular, Moving Defendants argue that the

collective action should exclude non-tipped workers because Plaintiffs failed to establish that

they were "similarly situated" for purposes of the FLSA.  *See* ECF No. 65-1, at 2-5.

Moving Defendants made that precise argument in their original briefing, *see* ECF No.

57, at 14-15, and the Court, in granting Plaintiffs' motion, considered and rejected the argument

— on the ground that Plaintiffs made a sufficient showing that both tipped and non-tipped

workers were "similarly situated" to them with respect to whether a FLSA violation had

occurred.  *See also, e.g.*, *Ting Qiu Qiu v. Shanghai Cuisine, Inc.*, No. 18-CV-5448 (ER), 2019

WL 6002371, at *3 (S.D.N.Y. Nov. 14, 2019) (conditionally certifying a collective action

including both tipped and non-tipped employees); *Lopez v. Paralia Corp.*, No. 16-CV-6973

(SLT) (PK), 2018 WL 582466, at \*2 (E.D.N.Y. Jan. 26, 2018) ("Under the lenient standard of the conditional certification inquiry, Plaintiffs have carried their burden of proving . . . that all non-management employees at the Del Rio Diner experienced a common unlawful policy — i.e., the payment of fixed weekly rates or low hourly rates that resulted in *both tipped or non-tipped employees* receiving less than minimum wage and no overtime compensation."); *Schwerdtfeger v. Demarchelier Mgmt., Inc.*, No. 10-CV-7557 (JGK), 2011 WL 2207517, at \*4 (S.D.N.Y. June 6, 2011) ("The defendants contend that the named plaintiffs and the putative class members are not similarly situated because they performed different functions, and some were entitled to receive tips and gratuities as part of their compensation while others were not.  This, however, does not preclude conditional certification. All of the plaintiffs claim that they did not receive minimum wage and overtime compensation.").

In light of this, Moving Defendants' motion for reconsideration must be and is DENIED. *See, e.g.*, *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) ("It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.  Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." (internal quotation marks, citations, and alterations omitted)).

The Clerk of Court is directed to terminate Docket No. 65.


SO ORDERED.

Dated: November 23, 2020
     New York, New York                            JESSE M. FURMAN
                                         United States District Judge

2