```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
GUANGFU CHEN, et al.,                                                   :
                                                                        :
                                      Plaintiffs,                       :    19-CV-11895 (JMF)
                                                                        :
                       -v-                                              :
                                                                        :    OPINION AND ORDER
MATSU FUSION RESTAURANT INC., et al.,                                   :
                                                                        :
                                      Defendants.                       :
                                                                        :
------------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

      Plaintiffs Guangfu Chen ("Chen") and Peizheng Fan ("Fan"), former restaurant deliverymen, bring wage-and-hour claims against Matsu Fusion Restaurant Inc. ("Matsu Fusion"), J&J Asian Bistro Inc. ("J&J"), Apex Japanese Restaurant Inc. ("Apex"), Yi Chang Chen (also known as Gary Chen), and Hiuyin Lam (also known as Wendy Lam) pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and New York Labor Law ("NYLL"), N.Y. Labor Law § 650 *et seq.* ECF No. 118 ("SAC"). Two Defendants — J&J and Wendy Lam — separately move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment on the ground that they were not Plaintiffs' employers within the meaning of either the FLSA or the NYLL. *See* ECF Nos. 145, 145-6 ("J&J Mem."), 166, 170. The Court agrees and thus grants both motions for summary judgment.

## BACKGROUND

      The following background, taken from admissible materials submitted in connection with the pending motions, is undisputed unless otherwise noted.

Chen and Fan both worked as deliverymen at a restaurant called Matsu Japanese Fusion, located at 411 East 70th Street in Manhattan. *See* SAC ¶¶ 7-8. Chen was employed from March 2015 to at least March 2019; Fan was employed from August 2015 to July 2017. *See* ECF No. 158-8 ("Pls.' J&J 56.1 Stmt."), ¶¶ 7, 11. Until March 2019, the restaurant was owned and operated by either Matsu Fusion or Apex, both of which were owned by Gary Chen ("Gary"). *See* ECF No. 180-6 ("Pls.' Lam 56.1 Stmt."), ¶¶ 6-10; ECF No. 168 ("Gary Aff."), ¶ 6. Lam, Gary's wife, worked at the restaurant as well, although — as discussed below — her duties and responsibilities are somewhat disputed. *See* Pls.' Lam 56.1 Stmt. ¶¶ 12-41.

J&J is a New York corporation that was established on February 8, 2019. *See* Pls.' J&J 56.1 Stmt. ¶ 1. J&J and Matsu Fusion have never had any common owners, shareholders, officers, or directors. *See id.* ¶ 3. On March 21, 2019, J&J paid $145,000 for all of the assets of Matsu Fusion, including the lease for 411 East 70th Street. *See id.* ¶ 2. On April 1, 2019, J&J began to operate the restaurant located at that address. *See id.* ¶ 4.

## STANDARD OF REVIEW

Summary judgment is appropriate when the admissible evidence in the record demonstrates that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over an issue of material fact qualifies as "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Thus, to defeat a motion for summary judgment, the nonmoving party must advance more than a "scintilla of evidence," *Anderson*, 477 U.S. at 252, and demonstrate more than "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In ruling on a motion for summary judgment, all evidence must be viewed "in the light

most favorable to the non-moving party," *Overton v. N.Y. State Div. of Military & Naval Affairs*, 373 F.3d 83, 89 (2d Cir. 2004), and a court must "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

## J&J'S MOTION

The Court begins with J&J's motion. J&J argues that it did not exist until February 2019 and did not own or operate the restaurant until late March or early April 2019, after Chen's and Fan's employment at the restaurant had ended. *See* J&J Mem. 2-7. It follows, J&J argues, that it was not either Plaintiff's "employer" within the meaning of the FLSA or NYLL. *See id.*

In response to J&J's motion, Plaintiffs make two arguments. The first is to dispute the end date of Chen's employment. *See* ECF No. 159 ("Pls.' J&J Opp'n"), at 6-7. Chen maintains that he merely took a leave of absence from the restaurant on March 12, 2019, and that his employment continued until some time in May 2019, when he sought and was denied leave to return to work. *See id.* But whether or not that is true is besides the point, as there is no evidence in the record that he was ever employed — before or after March 12, 2019 — by J&J. At most, Chen's argument may suggest that he technically remained an employee of Matsu Fusion beyond March 2019; it provides no basis to conclude that *J&J* was ever his employer.

In the alternative, Plaintiffs argue that J&J is liable on a successor liability theory. *See id.* at 7. But that argument fails for two reasons. First, although "[s]uccessor liability is not a separate cause of action[,] . . . a plaintiff must actually plead allegations of successor liability in the complaint." *Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895 (LDH) (SJB), 2019 WL 8381264, at *10 (E.D.N.Y. Dec. 9, 2019) (cleaned up). Here, the Second Amended Complaint does nothing of the sort, merely alleging in conclusory fashion that

3

all of the entity Defendants, including J&J, are "joint employers of Plaintiff [sic] and constitute an enterprise." SAC ¶ 44. It follows that Plaintiffs fail even to state a plausible claim of successor liability against J&J. *See, e.g.*, *Lin v. Toyo Food, Inc.*, No. 12-CV-7392 (KMK), 2016 WL 4502040, at *6 (S.D.N.Y. Aug. 26, 2016) (denying leave to amend because the proposed amended complaint did not plausibly allege successor liability); *Jalili v. Xanboo Inc.*, No. 11-CV-1200, 2011 WL 4336690 (DLC), at *4 (S.D.N.Y. Sept. 15, 2011) (dismissing a successor liability claim where the plaintiff "fail[ed] to allege facts sufficient to give rise to an inference of 'continuity of ownership' between [the relevant entities]"); *Sgaliordich v. Lloyd's Asset Mgmt.*, No. 10-CV-3669 (ERK), 2011 WL 441705, at *7 (E.D.N.Y. Feb. 8, 2011) (granting a motion to dismiss where "the complaint ha[d] alleged nothing about the relationship between [the two relevant entities] or how [one entity] 'became' [the other]" and thus "fail[ed] to state a claim for successor liability that [was] plausible on its face").

Second, and in any event, any successor liability claim against J&J would fail for want of evidence. Courts in this Circuit have applied two different tests to determine successor liability in the wage-and-hour context: the traditional New York common law test and the "substantial continuity" test. *See Rotthoff v. New York State Catholic Health Plan*, No. 19-CV-4027 (AMD) (CLP), 2020 WL 5763862, at *6 (E.D.N.Y. Sept. 28, 2020) (citing cases). Under the former, which certainly applies to claims under the NYLL and may apply to claims under the FLSA, a successor corporation can be found liable only if "(1) [the successor] expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations." *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006) (citation omitted). The latter test "is more

4

lenient and calls for considering nine factors," of which the first two — "whether the successor company had notice of the charge" and "the ability of the predecessor to provide relief" — are "considered . . . to be indispensable." *Rotthoff*, 2020 WL 5763862, at *6-7 (cleaned up); *accord Xue Ming Wang v. Abumi Sushi Inc.*, 262 F. Supp. 3d 81, 89 (S.D.N.Y. 2017).

In this case, the Court need not decide which test applies because Plaintiffs' claim, such as it is, would fail under either. First, with respect to the common law test, Plaintiffs do not allege, and there is no evidence to support, that J&J assumed its predecessor's tort liability or that the transaction was a fraud to escape such liability. The remaining two exceptions — the "de facto merger" and "mere continuation" exceptions — are "so similar that they may be considered a single exception." *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45 n.3 (2d Cir. 2003). In either event, however, a plaintiff must prove "continuity of ownership." *Cano v. Sushi Chain, Inc.*, No. 19-CV-3509 (DG) (LB), 2021 WL 8316279, at *4 (E.D.N.Y. Nov. 22, 2021); *accord Marte v. Wesbury Mini Mart, Inc.*, No. 16-CV-53 (SJF)(ARL), 2017 WL 9485667 at *8 (E.D.N.Y. Jan. 18, 2017) ("[W]here ownership actually changes hands, there can be no finding of the de facto merger (or mere continuation) exception."); *Xue Ming Wang*, 262 F. Supp. 3d at 87 ("Because 'continuity of ownership is the essence of a merger,' . . . the exception 'cannot apply in its absence.'" (quoting *Priestly v. Headminder, Inc.*, 647 F.3d 497, 505-06 (2d Cir. 2011)). Here, Plaintiffs do not even allege continuity of ownership. *See* Pls.' J&J Opp'n 7. That is for good reason as there is no dispute that J&J and its predecessors never had any common owners, shareholders, officers, or directors. *See* Pls.' J&J 56.1 Stmt. ¶ 3.

Second, Plaintiffs fail to satisfy either of the two "indispensable" factors of the substantial continuity test. With respect to notice, Plaintiffs assert in their memorandum of law that the parties "dispute whether Mei Fong Chen," also known as Joyce, "was a manager at

Matsu Fusion and whether as a manager and supervisor at Matsu Fusion, had notice of Matsu Fusion's potentially unlawful pay practices." Pls.' J&J Opp'n 7 (citation omitted). But the evidence on which Plaintiffs rely to make that assertion — their own depositions — does not actually back it up. To the contrary, it confirms that neither Plaintiff "ever" told Joyce about his intention to bring this lawsuit or about the claims asserted in this lawsuit prior to September 2019. *See* ECF No. 180-2 ("Chen Dep."), at 96; ECF No. 180-3 ("Fan Dep."), at 14-15.[1] With respect to the ability of J&J's predecessor to provide relief, Plaintiffs assert in their memorandum of law that Matsu Fusion "is no longer doing business and is unable to provide relief," Pls.' J&J Opp'n 7, but they cite no evidence whatsoever to support that assertion. Moreover, even if true, the sale and dissolution of Matsu Fusion does not, without more, establish that it is unable to provide relief. *See, e.g.*, *Xue Ming Wang*, 262 F. Supp. 3d at 95-96. In light of Plaintiffs' failure to satisfy either of the first two "indispensable" factors, they cannot establish successor liability under the substantial continuity test either. *See id.* at 91-96 (granting summary judgment to a defendant in similar circumstances).

In sum, Plaintiffs fail to allege, let alone support, a successor liability claim against J&J. It follows that J&J is entitled to summary judgment on all of Plaintiffs' claims against it.

---

[1] Making matters worse, the other primary evidence on which Plaintiffs rely in opposing J&J's summary judgment motion is the deposition they took of J&J pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. But that deposition was taken in violation of Rules 28(a), (c), 30(b)(5)(A)-(C), and 30(f) of the Federal Rules of Civil Procedure. *Cf.* ECF No. 138 (stipulation in which Plaintiffs concede that "[t]he purported videotaped, non-stenographic depositions taken . . . of Defendants Gary Chen and Wendy Lam . . . were conducted in violation of Fed. R. Civ. P. 30(b)(5)(A)-(C) and Fed. R. Civ. P. 28(c)"). In any event, the deposition of J&J would make no difference to the Court's analysis or conclusion.

**LAM'S MOTION**

Lam is also entitled to summary judgment, albeit for different reasons. To be an "employer" under the FLSA and NYLL, a person must "possess control over a company's actual operations in a manner that relates to a plaintiff's employment." *Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013) (internal quotation marks omitted); *see also Camara v. Kenner*, No. 16-CV-7078 (JGK), 2018 WL 1596195, at *7 (S.D.N.Y. Mar. 29, 2018) (noting that courts apply the same standards to the NYLL). "[T]his does not mean that the individual 'employer' must be responsible for managing plaintiff employees — or, indeed, that he or she must have directly come into contact with the plaintiffs, their workplaces, or their schedules." *Irizarry*, 722 F.3d at 110. Instead, the inquiry is a flexible one whose "overarching concern" is whether, under the totality of the circumstances, "the alleged employer possessed the power to control the workers in question." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

In the Second Circuit, four "nonexclusive and overlapping" factors — known as the *Carter* factors — guide that flexible inquiry. *Irizarry*, 722 F.3d at 105, 110. These factors are: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (internal quotation marks omitted). "Because *Carter* defines employment more narrowly than FLSA requires," satisfying all of these factors is not necessary to establish "employer" status. *See Greenawalt v. AT&T Mobility LLC*, 642 F. App'x 36, 37 (2d Cir. 2016) (summary order). Moreover, "[n]o one factor is dispositive and the inquiry into an employment relationship is fact intensive." *Coley v. Vannguard Urban Imp. Ass'n, Inc.*, No. 12-CV-5565 (PKC), 2014 WL 4793825, at *3 (E.D.N.Y. Sept. 24, 2014).

Applying the *Carter* factors to the admissible evidence in the record, the Court concludes that no reasonable factfinder could find that Lam was an "employer" within the meaning of the FLSA and NYLL.  For starters, Plaintiffs concede that Lam never determined their rate and method of payment; signed paychecks, distributed pay, or possessed such authority; or supervised or controlled employee schedules or conditions of employment.  See Pls.' Lam 56.1 Stmt. ¶¶ 29-30, 37-39.  Instead, Plaintiffs rely primarily on affidavits they submitted in response to the motion for summary judgment in which they allege that Lam was intimately involved in management of the restaurant, including acting as bookkeeper; reviewing point-of-sale records and tip reports; supervising when her husband, Gary, was away; responding to customer complaints; and arranging delivery orders.  See ECF No. 180-4 ("Chen Aff."), ¶¶ 9-17; ECF No. 18-5, ¶¶ 7-21.  Chen further alleges that, in late December 2015, Lam was involved in firing an employee named Xu Zhen Wang (also known as Angela); and that another employee, Ah Cai, told him that Lam had offered Ah Cai a raise.  Chen Aff. ¶¶ 19-30.

Lam does not dispute that this evidence, if admissible, would be sufficient to defeat her motion for summary judgment.  But she argues that it should be disregarded under the "sham affidavit" doctrine.  *See* ECF No. 185, at 1-5.  That doctrine provides that "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony."  *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 482 (2d Cir. 2014) (quoting *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996)).  "Courts in the Second Circuit are particularly reluctant to credit affidavit testimony that alleges critical, obviously material facts that were not mentioned at deposition, noting that such circumstances strongly suggest a sham affidavit."  *Golden v. Merrill Lynch & Co.*, No. 06-CV-2970 (RWS), 2007 WL 4299443, at *9 (S.D.N.Y.

Dec. 6, 2007).  Put differently, "factual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes*, 84 F.3d at 619.  Thus, "statements in an affidavit filed in response to a summary judgment motion [do] not create material factual disputes where none existed without such affidavit." *Id.*

Plaintiffs' affidavits plainly qualify as sham affidavits.[2]  Indeed, they diverge wildly from Plaintiffs' prior deposition testimony.  When pressed to identify Lam's job responsibilities at his deposition, for example, Chen mentioned almost nothing that appears in his affidavit; he testified only that Lam answered phones to take orders, took walk-in customer orders, entered online orders into a point-of-sale system, and packed orders.  Chen Dep. 87.  For his part, Fan did not even mention Lam during his deposition, let alone identify her as his "boss," despite repeated inquiries about who his boss had been.  Fan Dep. 14, 25.  Moreover, both Plaintiffs testified at length about their tip income and handling of tips generally, but neither mentioned that Lam ever asked them to return tips or was involved with handling tips generally.  Chen Dep. 72-73; Fan Dep. 27-33.  Fan, again, did not even mention Lam.  And Chen expressly testified that the restaurant's employees "divided [tips] at night" and that tip earnings rose and fell based on volume of business, not according to Lam.  Chen Dep. 72-73.  In short, therefore, the factual issues created solely by Plaintiffs' affidavits "are not 'genuine' issues for trial." *Hayes*, 84 F.3d at 619; *see also, e.g.*, *Kim v. DK Cosms.*, No. 19-CV-9079 (JMF), 2022 WL 540675, at *3 (S.D.N.Y. Feb. 23, 2022) (disregarding an affidavit pursuant to the sham affidavit doctrine).

In the absence of the new allegations in their affidavits, Plaintiffs are left with virtually nothing pertinent to the *Carter* factors.  In particular, only two relevant facts appear in the record: Chen's testimony that Lam had the "final say" when Gary was not present, *see* Chen

---

[2] On top of that, Chen's allegations regarding Ah Cai's statements are rank hearsay.

9

Dep. 46-47, and that, in late December 2015, he witnessed Lam fire Angela, *see id.* at 53-60. Even taking these allegations together, however, no reasonable factfinder could find, by a "totality of the circumstances," that Lam was Plaintiffs' employer within the meaning of the FLSA and the NYLL.  *Beng Khoon Loo v. I.M.E. Rest., Inc.*, No. 17-CV-2558 (ARR) (RER), 2018 WL 4119234, at *7 (E.D.N.Y. Aug. 29, 2018) (granting summary judgment to a defendant despite evidence that was arguably sufficient to satisfy one *Carter* factor); *accord Hong v. Quest Int'l Limousine, Inc.*, No. 19-CV-04336 (SN), 2021 WL 2188149, at *6-7 (S.D.N.Y. May 28, 2021); *Kaplan v. Wings of Hope Residence, Inc.*, No. 2:18-CV-2972 (ADS) (AKT), 2020 WL 616630, at *8 (E.D.N.Y. Feb. 7, 2020).  Moreover, the general rule that a court may not weigh credibility on summary judgment aside, there is arguably a basis even to disregard the more concrete of these allegations: Chen's testimony about Angela's firing.  After all, Chen's claim that he witnessed Lam fire Angela in late December 2015 is flatly incompatible with his testimony and the undisputed fact that he was on medical leave and hospitalized from December 10, 2015, until May 3, 2016.  *See* Chen Dep. 66; Pls.' Lam 56.1 Stmt. ¶¶ 43-44;  *see Jeffreys v. City of New York*, 426 F.3d 549, 555 (2d Cir. 2005) (holding that summary judgment may be entered against a plaintiff where there is "nothing in the record to support plaintiff's allegations other than plaintiff's own contradictory and incomplete testimony" and the district court, "even after drawing all inferences in the light most favorable to the plaintiff, determine[s] that no reasonable person could believe [the plaintiff's] testimony" (internal quotation marks omitted)).

In short, no reasonable factfinder could conclude that Lam was Plaintiffs' employer under either the FLSA or the NYLL.  Accordingly, she too is entitled to summary judgment.

## CONCLUSION

For the foregoing reasons, the Court GRANTS the summary judgment motions of J&J and Lam and dismissed all of Plaintiffs' claims against each of them.

Unless and until the Court orders otherwise, the parties shall submit a proposed joint pretrial order and associated materials (in accordance with Section 5 of the Court's Individual Rules and Practices in Civil Cases, available at https://www.nysd.uscourts.gov/hon-jesse-m-furman) **within thirty days of the date of this Opinion and Order**. The parties should be prepared to begin trial as soon as two weeks thereafter. In the meantime, the Court is firmly of the view that the parties should try once again to settle this case without the need for trial. To that end, the Court directs the parties **to confer immediately** about the prospect of settlement and about conducting another settlement conference. If the parties agree that a settlement conference would be appropriate, they should promptly advise the Court and, if needed, seek an appropriate referral and extension of the pretrial deadlines.

The Clerk of Court is directed to terminate J&J Asian Bistro Inc. and Hiuyin Lam (also known as Wendy Lam) as Defendants and to terminate ECF Nos. 145 and 166.

SO ORDERED.

Dated: July 29, 2022
      New York, New York

                                                  JESSE M. FURMAN
                                           United States District Judge